# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTIS RUBE TERRY, | CV F   06-1118 AWI DLB HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS DISMISSING INSTANT PETITION AS A SUCCESSIVE PETITION |
| v. | |
| JAMES YATES, Warden, | [Doc. 1] |
| Respondent. | |

     Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

     Petitioner filed the instant petition for writ of habeas corpus on August 21, 2006.  (Court Doc. 1.) Petitioner raises the following claims for relief: (1) ineffective assistance of counsel when Petitioner requested a jury trial and trial counsel said trial by judge would be sufficient; (2) ineffective assistance of counsel due to a conflict of interest; (3) insufficient evidence that he changed his address; (4) conviction obtained by double jeopardy violation; (5) conviction obtained by violation of privilege against self-incrimination;  (6) conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant; (7) unlawful punishment under California's Three Strikes law; and (8) cruel and unusual punishment.  Based on the foregoing, the instant petition is successive and must be dismissed.

     Because the current petition was filed after April 24, 1996, the provisions of the

1  Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current
2  petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997). A federal court must dismiss a second or
3  successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The
4  court must also dismiss a second or successive petition raising a new ground unless the petitioner
5  can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis
6  of the claim was not previously discoverable through due diligence, and these new facts establish
7  by clear and convincing evidence that but for the constitutional error, no reasonable factfinder
8  would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B).
9  However, it is not the district court that decides whether a second or successive petition meets
10 these requirements, which allow a petitioner to file a second or successive petition.

11       Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by
12 this section is filed in the district court, the applicant shall move in the appropriate court of
13 appeals for an order authorizing the district court to consider the application." In other words,
14 Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive
15 petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must
16 dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave
17 to file the petition because a district court lacks subject-matter jurisdiction over a second or
18 successive petition. Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v.
19 Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), *cert. denied*, 117 S.Ct. 794 (1997); Nunez v.
20 United States, 96 F.3d 990, 991 (7th Cir. 1996).

21       The prior petition in Terry v. Lewis, No. CV-F-00-5773 HGB P was denied on the merits
22 on April 27, 2001, and judgment was entered in favor of Respondent on May 23, 2001. (Court
23 Docs. 20, 21.) Issues Three, Seven and Eight were presented in the prior federal action. The
24 remaining claims, were not presented in the prior federal petition. However, the remaining
25 claims do not rely on a new rule of law applied retroactively and the alleged errors were known
26 to Petitioner at the time of his prior action was pending. Therefore, because the prior petition
27 was adjudicated on the merits, and the instant petition is a "second or successive petition" under
28 § 2244(b)(3)(A), it must be dismissed, without prejudice, to re-filing if Petitioner obtains and

seeks approval in the Ninth Circuit Court of Appeals to file a second or successive petition.

RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant petition for writ of habeas corpus be DISMISSED, without prejudice, as a successive petition.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:  **November 22, 2006**           /s/ **Dennis L. Beck**
3b142a                         UNITED STATES MAGISTRATE JUDGE